UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JAMIE FRANCIS and JAMIE AYER,** individually and on behalf of others similarly situated, | Case No: 1:20-cv-792 |
| Plaintiff, | Judge: |
| v. | |
| **PLASTIKOS CORPORATION, d/b/a MULTI-FORM PLASTICS, INC.,** | **PLAINTIFFS' COMPLAINT AND JURY DEMAND** |
| Defendant. | |

## PRELIMINARY STATEMENT

1. This is a collective action brought by Plaintiffs Jamie Francis and Jamie Ayer, on behalf of themselves and all others similarly situated, to recover wages unlawfully underpaid to her by her employer, Defendant Plastikos Corporation, d/b/a Multi-Form Plastics, Inc. ("Multi-Form Plastics"). Multi-Form Plastics has engaged in a consistent practice of unlawfully paying women less than men for the same work, in violation of 29 U.S.C. § 206(d).

2. Multi-Form Plastics continues to pay women less than men for the same work.

3. Plaintiffs bring this action as an opt-in collective action on behalf of themselves and all others similarly situated for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## PARTIES

4. Plaintiff Jamie Francis is a former employee of Multi-Form Plastics.

5. Plaintiff Jamie Ayer is a current employee of Multi-Form Plastics.

6. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. §216(b).

7. Defendant Multi-Form Plastics is an Ohio for-profit corporation located in Clermont County, Ohio.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiffs' Complaint because it asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 203, *et seq.*

9. Venue in this Court is proper, as the Defendant is a resident of this judicial district and a substantial amount of the events giving rise to the claims occurred herein.

## FACTUAL ALLEGATIONS

10. Defendant is an "Employer" within the meaning of the FLSA.

11. Plaintiffs, and the putative collective members are women who are or were employed by Defendant, and were regularly paid less than their male colleagues who performed work which required equal skill, effort, and responsibility under similar conditions.

12. For example, Plaintiffs Francis was employed as a Machine Operator, and was cross-trained to operate the various plastic molders, presses, and rotaries. She was capable of, and did, inspect final product and forms. Plaintiff Francis's cross-training was typical of all Machine Operators, regardless of gender. Yet Plaintiff was paid at least $0.50 per hour less than her male coworkers.

13. Defendant has maintained this practice for an as yet unknown period of time, and upon information and belief continues to maintain the abovementioned practice.

14. Upon information and belief, it is typical for female employees to be paid less than their male coworkers despite performing work which required equal skill, effort, and responsibility under similar conditions.

15. The sole reason female employees are paid less than their male coworkers is because of their sex.

16. When Plaintiffs and others complained of Defendant's discriminatory pay practices, Defendant's callous response was to post a memorandum stating that everyone in their employ was overpaid.

17. Defendant suffered and permitted Plaintiffs and the putative collective/class members to work for less pay than their male colleagues despite performing work which required equal skill, effort, and responsibility under similar conditions.

18. Defendant was aware, or should have been aware, that discrimination based on sex in the payment of wages is a violation of the FLSA and Ohio state law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

20. Plaintiffs file this action on behalf of themselves and all similarly situated individuals. The proposed FLSA collective is defined as follows:

> All female employees of Defendant and who were paid less than male employees who performed work which required equal skill, effort, and responsibility under similar conditions.

21. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. §216(b). The signed consent forms are attached as Exhibit A.

22. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

23. During the applicable statutory period, Plaintiffs and the putative collective members often received less in compensation than male employees who performed similar work.

24. Defendant willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay its female employees the same wage as their male colleagues performing substantially similar work.

25. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255.

26. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendant's practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendant's records.

## OHIO COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

28. Plaintiff files this action on behalf of herself and all similarly situated individuals. The proposed Ohio collective is defined as follows:

> All female employees of Defendant and who were paid less than male employees who performed work which required equal skill, effort, and responsibility under similar conditions.

29. Plaintiffs have consented in writing to be a part of this action. The signed consent forms are attached as Exhibit A.

30. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

31. During the applicable statutory period, Plaintiffs and the putative collective members often received less in compensation than male employees who performed work which required equal skill, effort, and responsibility under similar conditions.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT (EQUAL PAY ACT), 29 U.S.C. §206, *et seq.*

32. Plaintiffs and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

33. Plaintiffs and the FLSA Collective are women who occupied the same position as their male colleagues.

34. Plaintiffs and the FLSA Collective were paid less than their male colleagues, despite performing job duties that required substantially equal skill, effort, and responsibility.

35. The actions of Defendant were a willful violation of the Equal Pay Act.

36. As a result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective are entitled to the difference between their wages and those of their male counterparts, an equal amount in liquidated damages, and for costs associated with this action, including attorney's fees.

## COUNT II – VIOLATION OF THE OHIO EQUAL PAY ACT (EQUAL PAY ACT), O.R.C. 4111.17, *et seq.*

37. Plaintiffs and the Ohio Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

38. Plaintiffs and the Ohio Collective are women who occupied the same position as their male colleagues.

39. Plaintiffs and the Ohio Collective were paid less than their male colleagues, despite performing job duties that required substantially equal skill, effort, and responsibility.

40. The actions of Defendant were a willful violation of the Ohio Equal Pay Act, O.R.C. 4111.17, *et seq*.

41. As a result of Defendant's unlawful conduct, Plaintiff and the Ohio Collective are entitled to an amount equal to two times the amount of the difference between their wages and those of their male counterparts, and for costs associated with this action, including attorneys fees.

WHEREFORE Plaintiffs and the putative collectives demand judgment against Defendant as follows:

1. Designation of this action as collective actions on behalf of Plaintiffs and the FLSA Collectives, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collectives apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. Judgment against Defendants for violation of the equal pay provisions of the FLSA and Ohio state law;

3. Judgment that Defendants violations of the FLSA were willful;

4. An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

5. An award of post-judgment interest;

6. An award of reasonable attorney's fees and costs;

7. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

8. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

/s/ Matthew S. Okiishi

Stephen E Imm (0040068)
Matthew S. Okiishi (0096706)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

/s/ Matthew S. Okiishi

Matthew S. Okiishi (0096706)